IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EUGENE SMITH                                                                                   PETITIONER

VS.                                                           CIVIL ACTION NO. 3:19-cv-725-CWR-FKB

WARDEN CHRISTOPHER
RIVERS                                                                                         RESPONDENT

## REPORT AND RECOMMENDATION

Eugene Smith is a federal inmate housed at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo), where he is serving a 242-month sentence for a drug offense. Smith filed this petition pursuant to 28 U.S.C. § 2241 challenging a determination of guilt in a prison disciplinary proceeding and his resulting loss of good-conduct time. The undersigned recommends that habeas relief be denied.

On April 3, 2016, Officer Antwyne Harrison authored incident report #2834743 charging Smith with a violation of section 205 of the inmate disciplinary code, engaging in a sexual act.[1]  [12-3] at 1.  In the incident report, Officer Harrison stated that on that date, he was the control room officer and was observing the interactions between Smith

---

[1] The prison disciplinary process begins with the issuance of an incident report prepared by a prison staff person. The report is normally served on the inmate within 24 hours. The next step is the appointment of an investigating officer (a supervisory-level staff member) and an investigation by him. The investigation includes a meeting between the investigator and the inmate at which the inmate is given the opportunity to make a statement. The inmate has the right to remain silent; however, an adverse inference may be drawn against him for doing so. When the investigator has completed his investigation, he records his results on the incident report and forwards it, along with any other relevant materials, to the Unit Disciplinary Committee (UDC).  If the alleged offense is a low or moderate severity offense, the UDC may make a determination as to guilt. Where the UDC determines that the inmate did not commit the offense, the UDC expunges the report from the inmate's file.  Alternatively, it may refer the matter to the Disciplinary Hearing Officer (DHO).  Referral to the DHO is automatic for high severity offenses. Where the matter is referred to the DHO, the UDC advises the inmate of his right to choose a staff representative for the hearing and to request witnesses.  Following a hearing, the DHO issues a written decision.  The decision may be appealed through the Administrative Remedy Program. *See generally* BOP Program Statement 5270.09 §§ 541.5-541.8, available at https://www.bop.gov/policy/progstat/5270.90_cn1.pdf.

and a female visitor via the monitoring camera.  *Id.*  During the visit, Officer Harrison observed the visitor move her chair closer to Smith and open her legs.  *Id.*  Officer Harrison stated in the incident report that Smith then placed his hand under her skirt and "appeared to be fondling her vaginal area."  *Id.*  Officer Harrison immediately notified the appropriate authorities, and the visit was terminated.

The incident report was referred for investigation by Lt. Michael Allen, who delivered the report to Petitioner on April 3, 2016.  *Id.*  During the investigation, Smith denied the charge, stating that "it's not what it looks like." *Id.* at 2.

The Unit Disciplinary Committee (UDC) hearing was held on April 5, 2016. Because of the severity of the charge, the UDC referred the matter to the Disciplinary Hearing Officer (DHO).  *Id.* at 1.

The hearing before the DHO, C. Grider, was held on April 12, 2016.  Case Manager Calvin Wingate appeared as Smith's staff representative.  A witness requested by Smith, Sr. Officer West, was unavailable to appear, but submitted a written statement.  At the hearing, Smith denied guilt.  [12-1] at 1.  When asked if he wanted to make any further comment, Smith admitted that he had put his hand under his visitor's skirt in order to rub her thigh but denied that he had penetrated her vaginal area.  *Id.*

The DHO issued a written report on April 12, 2016.  The DHO found, based upon the evidence, that Smith had violated Code 205.  *Id.* at 2.  The DHO stated that in reaching his decision, he had considered Officer Harrison's statements in the incident report and Smith's admission that he had placed his hand under his visitor's skirt to rub her thigh.  *Id.*  He also considered the statement of Smith's witness, Officer West, in

2

which Officer West stated that he observed over the camera Smith's placement of his hand up the visitor's dress.  *Id.*  The DHO noted that the essential element of the offense was "[taking] part in intimate physical contact with self or another" and concluded that, based upon the observations of staff and Smith's admission, Smith had engaged in intimate physical contact with his visitor and had therefore violated § 205.  The DHO imposed a sanction that included a 27-day disallowance of good-conduct time.  *Id.*

Smith argues that the disciplinary finding should be set aside as violative of due process because the credible evidence was not sufficient to establish that he was guilty.  He points out that Harrison stated only that "it appeared" that Smith fondled his visitor's vagina and that the act of touching her thigh did not violate § 205.

A court's review of a DHO's decision is limited by the deferential standard of *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), which requires merely that there be "some evidence" to show that the inmate committed the offense.  *Id*. at 455.  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . ."  *Id*. at 455-56.  If there is "some evidence" to support the decision, it must be upheld even if the evidence is "meager."  *Id*. at 456.  Thus, this court's analysis requires only an examination of the evidence supporting the DHO's decision.  The evidence relied upon by the DHO included the statements by Officers Harrison and West and Smith's admission, all which

3

established that Smith had put his hand under his visitor's skirt. In addition, Officer Harrison stated that Smith appeared to be fondling the visitor's vaginal area. These statements clearly constituted "some evidence" that Smith engaged in a sexual act.

For this reason, the undersigned recommends that habeas relief be denied and that the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of September, 2021.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge